IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-3160 |
| ) | |
| RANDAL J. PETERSON and ) | |
| VALERA L. PETERSON, ) | |
| ) | |
| Defendants. ) | |

## OPINION

This matter comes before the Court on Plaintiff United States' Motion for Partial Reconsideration (d/e 20) (Motion). The Government brought this action to recover erroneously paid refunds from the Petersons' 1997 and 2002 joint income tax returns, pursuant to 26 U.S.C. § 7405. This Court granted partial summary judgment in favor of both parties on some aspects of the United States' claims. Opinion entered September 8, 2010 (d/e 19) (Opinion), at 19. The Court denied summary judgment to both parties on part of the United States' claim to recover an erroneous refund of $148,765.00 paid to the Defendants on July 25, 2006. This Court determined that issues of fact remained as to that portion of the United States' claim. Id. The Government asks the Court to reconsider this portion of the Opinion.

Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit

1

Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). After careful review of the materials in the file, including the Opinion, Motion and Memoranda filed by the parties, the Court sees no manifest error of law or fact, and the Government presents no newly discovered evidence. The Motion is, therefore, denied.

As explained more fully in the Opinion, this case concerns the Petersons' claims for refunds on their 1997 and 2002 federal income tax returns. The Internal Revenue Service (IRS) issued two refund checks to the Petersons on July 17, 2006. The 1997 refund check was for $148,765.00, representing tax principal only. The 2002 refund check was for $334,979.21, representing $281,559.00 in tax and $53,420.21 in interest. The Petersons negotiated both checks. The 1997 refund check cleared the Federal Reserve on July 21, 2006. The 2002 refund check cleared the Federal Reserve on July 25, 2006. The Government filed this action on July 25, 2008. Opinion, at 3. The date the check cleared the Federal Reserve was the operative date for the two-year statute of limitations on the Government's action. 26 U.S.C. § 6532(c); Opinion, at 5. The parties agree that the Government's claim based on the 1997 check is barred by the statute of limitations.

The Government, however, claims that it should have recovered the amount of the 1997 check, $148,765.00, from the 2002 refund check on July 25, 2006, under the theories of setoff and recoupment. Opinion, at 6, 13. The Court determined that recoupment was not available because the refund of 1997 income taxes and 2002

2

income taxes arose from separate taxable events. Opinion, at 14. The Court, further, held that issues of fact exist regarding whether setoff is available because, at a minimum, the evidence submitted does not establish whether the offsetting debts were liquidated on July 25, 2006. Opinion, at 9. The Government asks the Court to reconsider these two determinations. The Court sees no reason to reconsider its decision.

The Government's arguments on the issue of recoupment are unpersuasive. The Government restates its prior arguments, and the Court rejects the restated arguments for the reasons stated in the Opinion. The Government also asks the Court to follow persuasive authority from other Circuits that the Government interprets to be inconsistent with controlling authority. The Court declines to do so. Recoupment is limited in federal tax cases to circumstances in which the offsetting claims arise out of a single taxable event. Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 299 (1946); O'Brien v. United States, 766 F.2d 1038, 1049 (7th Cir. 1985). The Petersons' 1997 taxes and 2002 taxes are not the same taxable event. See Opinion, at 13-17. The request to reconsider the issue of recoupment is denied.

The Government's arguments about setoff are similarly unpersuasive. The Government actually cites several additional cases that support the Court's decision. The relevant cases cited by the Government all hold that tax debts are liquidated when the tax liability is ascertained, either by a taxpayer filing a tax return that lists the tax as due, or by the IRS issuing a notice of deficiency and then making an assessment.

In re Mazzeo, 131 F.3d 295, 305 (2nd Cir. 1997) (tax debt ascertained from the tax return); United States v. Verdunn, 89 F.3d 799, 802-03 (11th Cir. 1996) (notice of deficiency issued and assessment made); In re Barcal, 213 B.R. 1008, 1014 (B.A.P. 8th Cir. 1997) (notice of deficiency issued and assessment made). The Government has presented no evidence that the IRS issued a notice of deficiency or assessed the $148,765.00 at issue either before or after July 25, 2006. The Petersons' amended 1997 and 2002 tax returns did not list the $148,765.00 as taxes due and owing. The Petersons did not know the amount owed and claimed a maximum refund to protect their interests in the absence of complete facts. See Opinion, at 2. There is no evidence that the $148,765.00 claimed by the IRS was ascertained, or liquidated, on July 25, 2006, when the Government claims it could have asserted a right of setoff. See Opinion, at 7-9. The request to reconsider is denied.

THEREFORE, Plaintiff United States' Motion for Partial Reconsideration (d/e 20) is DENIED.

ENTERED this ___14th__ day of December, 2010

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

4